UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MANUEL VASQUEZ,

                                    Plaintiff,

                    -against-

ANNASTACIA SOOKRAM; ASUMADU
SAMUEL; S. KELSO,

                                    Defendants.

21-CV-6611 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Jose Manuel Vasquez, appearing *pro se*, purports to brings this action under the

Court's diversity jurisdiction, alleging that Defendants are violating his constitutional rights. The

nature of his allegations indicates that the Court has federal question jurisdiction of this action.

By order dated August 5, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff filed this complaint against three employees of the New York City Administration for Children's Services (ACS): Annastacia Sookram, Asumadu Samuel, and S. Kelso.[1] The following facts are gleaned from the complaint and attachments. Plaintiff resides in a shelter with his fiancé, Malickah Buckins, and their three year-old son, MJV.[2] In May 2021, Plaintiff and Buckins received letters that they were "subject[s] of a report of suspected child abuse or maltreatment received by the New York State Child Abuse and Maltreatment Register." (ECF 2 at 9-12.) Since then, Defendants have harassed Plaintiff and Buckins and refused to "close out the case, even though they "submitted all the necessary documentation from two different physicians" stating that MJV is "healthy," "normal," and immunized. (*Id.* ¶ III.) Plaintiff asserts that in a text message, Sookram "admits" that MJV "meets all his necessities and that she is aware and understand[s] that" she and ACS are "using" MJV as a "weapon of fear." (*Id.*) A text message from Sookram attached to the complaint states, "The child does have his necessities however, I am following up about the recommendations of his developmental evaluation and the doctors visit [that] was scheduled today." (*Id.* at 42.)

Also attached to the complaint are: an email indicating that Plaintiff applied for a position as an "FBI Police Officer;" a complaint that Plaintiff filed with the New York State Department of Health against a pediatrician for falsely claiming that MJV "is developmentally delayed, mute and deaf"; notes from several doctor visits, occurring after Plaintiff and Buckins received the

---

[1] Plaintiff refers to the agency as Child Protective Services, or CPS.

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any reference to a minor child must be limited to the child's initials. Because Plaintiffs refers to his minor son using his full name, the Court has asked the Clerk of Court to limit electronic access to the complaint to a "case-participant only" basis. The Court reminds Plaintiff that, because filings in this civil action are publicly available on the internet, going forward he must refer to the minor child solely by the child's initials.

letters from the state register, stating that MJV is "healthy," and had a "normal examination," and

had received vaccinations; a blurry hearing test result; and a summary from an "Initial Child

Safety Conference" raising other areas of concern regarding MJV and the family. The named

Defendants apparently participated in that conference. In a text message, Buckins told

Defendants that she no longer feels "comfortable participating in the conference," because

Defendants had already decided to "file a petition against" her and Plaintiff. Sookram responded,

"Its [sic] recommendations that does not mean that it is a final decision it will be up to the court

to make that decision." (*Id.* at 28.)

Plaintiff claims that Defendants are retaliating against him and his family because of his

pending lawsuit in state court, possibly against the New York City Department of Homeless

Services (DHS), asserting discrimination claims. Plaintiff seeks money damages "for all the

abuse my family and I endured." (*Id.* ¶ IV.)

## DISCUSSION

**A.     Constitutional Claims**

Because Plaintiff asserts that Defendants violated his constitutional rights, his claims are

construed as arising under 42 U.S.C. § 1983.[3] To state a claim under section 1983, a plaintiff

must allege both that: (1) a right secured by the Constitution or laws of the United States was

violated, and (2) the right was violated by a person acting under the color of state law, or a "state

actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[3] To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that
the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524
U.S. 381, 388 (1998). Although Plaintiff invokes the Court's diversity jurisdiction (ECF 2 at 2),
the facts alleged in the complaint suggest that all parties are citizens of the State of New York.
The Court therefore cannot exercise diversity jurisdiction in this matter.

1.     Substantive Due Process

Plaintiff's assertions arguably implicate the substantive component of the Due Process Clause of the Fourteenth Amendment. Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Parents have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim to challenge a child's removal. *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011). But the right to family integrity "'does not automatically override the sometimes competing' government interest in protecting children, [ ] particularly from harm caused by the parents themselves." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F. Supp. 2d 347, 360 (S.D.N.Y. 2010) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)). Courts have held that a parent "has no right to be free from ACS investigation." *Watkins-El v. Dep't of Educ.*, No. 16-CV-2256, 2016 WL 5867048, at *4 (E.D.N.Y. Oct. 7, 2016) ("Plaintiff has no right to be free from ACS investigation, and he presents no evidence revealing the ongoing investigation to be meritless or retaliatory."); *Phillips*, 894 F. Supp. 2d at 378-79 (*quoting Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003)); *Villanueva v. City of New York*, No. 08-CV-8793, 2010 WL 1654162, at *7 (S.D.N.Y. Apr. 14, 2010).

To establish a substantive due process claim with respect to the removal of a child, "a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Southerland*, 680 F.3d at 151 (internal quotation marks and citation omitted). "[M]ere failure to meet local or professional standards, without more, should not generally be elevated to the status of constitutional violation," *Wilkinson ex rel. Wilkinson v. Russell*, 182 F.3d 89, 106 (2d Cir. 1999); *see, e.g.*, *Kia P.*, 235 F.3d at 759

(caseworkers violate due process where their actions lack "any reasonable justification in the service of a legitimate governmental objective"). Thus, courts have imposed liability only for "'obvious extremes,'" such as knowingly making false statements, manufacturing evidence, or ignoring exculpatory information. *Tuffarelli*, 692 F. Supp. 2d at 360 (quoting *Wilkinson*, 182 F.3d at 104).

Plaintiff does not allege facts suggesting that Defendants violated his substantive due process rights. According to Plaintiff's submission, ACS opened an investigation into his family on or about May 19, 2021. Plaintiff alleges that he provided notes from doctor visits in June 2021 and July 2021, indicating that MJV is healthy and "normal," and argues that in light of that documentation, it was improper for Defendants to refuse to close the ACS case and to file a petition in the family court. It does not appear that MJV has been removed from Plaintiff's custody. These facts do not describe "shocking, arbitrary, or egregious" conduct sufficient to state a substantive due process claim.

2.   Procedural Due Process

The Court also examines whether the complaint could be liberally construed as asserting that Defendants violated Plaintiff's procedural due process rights guaranteed by the Fourteenth Amendment. "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (To state a due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law."). "The fundamental requisite of due process of law is the opportunity to be heard

5

. . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted).

Where the government deprives a plaintiff of some interest pursuant to an established procedure,[4] due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, a government employee's random and unauthorized act does not violate due process if a meaningful postdeprivation remedy is available; when the government cannot predict precisely when the loss will occur, it would be impossible to provide a meaningful hearing *before* the deprivation of property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 220-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.").

Plaintiff alleges that Defendants were going to file a petition with respect to MJV in family court, but does not allege any facts demonstrating that Defendants deprived him of a liberty or property interest without due process of law.[5] The Court grants Plaintiff leave to file an amended complaint to provide any additional facts to support a due process claim.

---

[4] Conduct is undertaken in accordance with established state procedures when, for example, it is "pursuant to a statute, code, regulation, or custom" or is the result of a decision made by a high-ranking official with "final authority over significant matters," *see Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (citing *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

[5] Plaintiff is alerted that abstention doctrines may prevent this Court from intervening in family court proceedings or reviewing family court orders. *See Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Deem v. Deem* 941 F.3d 618, 621 (2d Cir. Oct. 30, 2019) (citing *Barber v. Barber*, 62

3.      Retaliation

To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (citing *Espinal v. Goord,* 558 F.3d 119, 128 (2d Cir. 2009). "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Rests., Inc. v. NLRB,* 461 U.S. 731, 741 (1983); *see also California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972). As such, this right "cannot be impaired, either directly . . . or indirectly, by threatening or harassing an [individual] in retaliation for filing [a] lawsuit[ ]. . . ." *Harrison v. Springdale Water & Sewer Comm'n,* 780 F.2d 1422, 1428 (8th Cir. 1986) (internal citations and quotations omitted). Because claims of retaliation are easily fabricated, courts consider such claims with skepticism and require that they be supported by specific facts. *See Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 2003).

Plaintiff's complaint does not contain specific facts from which the Court can infer that Defendants retaliated against him because of his pending state court lawsuit against DHS. This is because Plaintiff does not show any connection between that lawsuit and his experience with Defendants. Should any additional facts exist to support this claim, Plaintiff may plead them in his amended complaint.

---

U.S. (21 How.) 582, 584 (1859)). Because it is not clear if Plaintiff is seeking such relief, the Court will consider whether any of those doctrines apply after Plaintiff amends his complaint.

**B.**     **Claims on behalf of others**

Plaintiff alleges that Defendants are also violating the rights of MJV and Buckins, but Buckins is not listed as a plaintiff in the caption of the complaint, and she did not sign the complaint or submit an IFP application . The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action on behalf of his or her minor children in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). And "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

Plaintiff has alleged no facts suggesting that he is an attorney. He cannot, therefore, assert any claims on behalf of MJV or Buckins.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-6611 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    August 17, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                  Zip Code

_____

Telephone Number                     Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.