UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MANUEL VASQUEZ,

                Plaintiff,

-against-

ANNASTACIA SOOKRAM; ASUMADU SAMUEL,

                Defendants.

21-CV-6611 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated his federally protected rights. By order dated August 17, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on November 17, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In the August 17, 2021 order to amend, the Court detailed the allegations in Plaintiff's original complaint. The Court assumes familiarity with that order, and summarizes those allegations here only briefly. Plaintiff and his fiancé, Malickah Buckins, reside in a homeless shelter with their three year-old son, MJV. In May 2021 the Administration for Children's Services (ACS) opened an investigation into Plaintiff and Buckins for "suspected child abuse or maltreatment." (ECF 2 at 9-12.) According to Plaintiff, a pediatrician falsely claimed that MJV "is developmentally delayed, mute and deaf." (*Id.*) Although Plaintiff and Buckins submitted medical documentation showing that MJV was "healthy," and "normal," ACS employees Annastacia Sookram, Asumadu Samuel, and S. Kelso continued to harass them and refused to "close out the case." (*Id.* ¶ III.) After Defendants indicated that they were going to "file a petition" in family court, Buckins said that she no longer felt "comfortable participating in" conferences with them to discuss MJV. (*Id.* at 28.) Plaintiff further claimed that Defendants were retaliating against him because he had filed a lawsuit in state court, possibly against the New York City Department of Homeless Services (DHS), asserting discrimination claims. Plaintiff sought money damages "for all the abuse my family and I endured." (*Id.* ¶ IV.)

In the August 17, 2021 order, the Court construed the complaint as asserting constitutional claims under 42 U.S.C. § 1983, and held that: (1) Plaintiff had not provided facts showing that Defendants had deprived him of a liberty or property interest without due process of law, or had engaged in "shocking, arbitrary, or egregious" conduct sufficient to state a substantive due process claim, *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011); (2) the complaint did not contain facts from which the Court could infer that Defendants had retaliated against Plaintiff because of his state court lawsuit, *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (citing *Espinal v. Goord,* 558 F.3d 119, 128 (2d Cir. 2009)); (3) as a *pro se*

litigant and nonattorney, Plaintiff could not assert claims on behalf of Buckins or MJV, *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005); and (4) under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, any reference to MJV, a minor child, must be limited to the child's initials. The Court granted Plaintiff leave to file an amended complaint to provide any additional facts in support of his claims.

In response, Plaintiff submitted an amended complaint naming only Sookram and Samuel. He also filed a motion for appointment of *pro bono* counsel. (ECF 8-9.) In the amended complaint, Plaintiff reiterates the allegations from the original complaint and provides more factual detail and additional attachments. But the new information in the amended complaint does not address the deficiencies in the original complaint, and as a whole, the amended pleading does not give rise to a viable due process or retaliation claim under Section 1983.[1]

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

In addition, a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its

---

[1] Although Buckins's name appears in the caption of the amended complaint, she did not sign the complaint or submit an IFP application. Plaintiff again refers to MJV by his full name. As it did with the original pleading, the Court directed the Clerk of Court to limit electronic access to the amended complaint to a "case-participant only" basis.

early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The motion for counsel is denied as moot, and the Clerk of Court is directed to terminate it. (ECF 8.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff consents to electronic service. (ECF 3.)

SO ORDERED.

Dated:   December 6, 2021
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                      Chief United States District Judge